IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK KERRY CRENSHAW, | : | |
| Petitioner, | : | 1:17-cv-0026 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

## MEMORANDUM

## January 23, 2017

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by petitioner Mark Kerry Crenshaw ("Crenshaw"), a federal inmate incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania. Preliminary review of the petition has been undertaken, and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.[1]

## I.     BACKGROUND

Following a jury trial, Crenshaw was convicted in January 1991, in the United States District Court for the Eastern District of Virginia, on ten counts of an indictment charging him with violations of 18 U.S.C. § 2113 (1988) (bank

---

[1] *See* R. GOVERNING § 2254 CASES R.4, which provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. *Id.* at R.1(b).

robbery), and 18 U.S.C. § 924(c)(1) (1988) (use of a firearm during the commission of a crime of violence), in connection with six bank robberies in Virginia. *United States v. Crenshaw*, 972 F.2d 342 (4th Cir. 1992); (Doc. 1). He was sentenced pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. A. §§ 3551-3586 (West 1984 & Supp. 1991), to a total of 900 months imprisonment to be followed by a five-year term of supervised release. *Id.*; *Id.* Crenshaw appealed, and the United States Court of Appeals for the Fourth Circuit affirmed the sentence and convictions. *United States v. Crenshaw*, 972 F.2d 342. He then pursued post-appeal avenues, which he details as follows:

> June 1996, petitioner filed a 2255 petition on the grounds of ineffective assistance of counsel. The U.S. Government filed a motion for Count 4 of the indictment to be dismissed. The district judge granted the Government's motion, adjusted the sentence, and dismissed the Petitioner's 2255. June 17, 2016. The Petitioner filed a motion pursuant to 28 U.S.C. § 3582(c)(2) for a modification of an imposed sentence consistent with Johnson v. U.S. S.Ct (2015). On June 28, 2016, the court entered an order noting that, despite the fact the motion was labeled as such, the only potential remedy available would be pursuant to 2255. The order further advised the Petitioner it would be necessary he [sic] first sought leave by the appeallate [sic] court. On August 2, 2016, the Fourth Circuit concluded "Petitioner's Predicate crimes that underlies [sic] his 924(c) convictions were not called into question by Johnson."

(Doc, 1, pp. 2-3).

He filed the instant petition on January 5, 2017, alleging "Petitioner's conviction/sentence under 924(c)(1) for using/carrying a firearm in furtherance of a crime of violence violates due process laws. The Petitioner's predicate crimes

do not qualify as crimes of violence. Thus, he has been subject to punishment/incarceration that cannot be imposed upon him. The convictions rest upon an improper definition of force and/or 'violent felony' See Johnson, 559 U.S. 133 140 (2010)." (Doc. 1, p. 1). He bring this petition pursuant to 28 U.S.C. § 2241 alleging that the "ha[s] not had an unobstructed procedural shot at bringing his claim." (*Id.*)

## II.     **DISCUSSION**

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 342 (1974)); *see In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255 (h); 28 U.S.C. 2244(3)(A).

Crenshaw has recently pursued the *Johnson* issue in a 28 U.S.C. § 3582(c)(2) filing in the sentencing court, which motion was considered a § 2255 motion, and denied based on Crenshaw's failure to first seek leave with the appellate court pursuant to 28 U.S.C. § 2244(c)(3). He appealed and, in affirming, Crenshaw represents that the Fourth Circuit specifically stated "Petitioner's

Predicate crimes that underlies [sic] his 924(c) convictions were not called into question by Johnson." Despite this ruling, Crenshaw attempts to challenge his sentence, *via* a 2241 petition. This claim may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. *See* 28 U.S.C. § 2255; *see Dorsainvil*, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. *See id*. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002); *United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000); *Dorsainvil*, 119 F.3d at 251. Rather, only when a federal prisoner is in an unusual position of having no earlier opportunity to challenge his conviction or where he "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision" can he avail himself of § 2241. *Dorsainvil*, 119 F.3d at 251–52.

The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255 and Crenshaw fails to demonstrate that he falls within the *Dorsainvil* exception If a petitioner improperly challenges a federal conviction or sentence under section 2241, as is the case here,

the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1154, 1165 (3d Cir. 1971).

## III. <u>CONCLUSION</u>

For the above stated reasons, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.